[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5679
The plaintiff, whose birth name was Janet K. Alt, and the defendant intermarried at Norwalk, Connecticut, on September 5, 1962, and the parties have been residents of the State of Connecticut for at least 12 months prior to the filing of the complaint herein. The parties have no minor children issue of their marriage but they have three adult children. Neither the State of Connecticut nor any town is contributing to the support or maintenance of the parties. Whereas the parties originally sought a legal separation, their joint requests for relief in part, at this time, is for a dissolution of their marriage.
Based upon the relevant, credible and admissible evidence, and all reasonable inferences therefrom, introduced at trial, the following constitute the findings of fact and conclusions of law with respect to this matter.
The plaintiff is 58 years of age and in good health. The defendant is 59 years of age and only suffers from high blood pressure, and there is no evidence for the court to conclude other than that it remains under reasonable control by use of medication, a condition which is very prevalent among the male population his age category.
These parties had three children and lived a life normal for a career police officer, which was stressful in the least with respect to the plaintiff. They apparently took all of this in stride and existed as an intact family unit for many, many years, the defendant providing the main source of income and the plaintiff maintained the household, took care of the kids, paid the bills, and in addition was very supportive of her husband in connection with his career and participated with him in the furtherance of his educational undertakings. The plaintiff did work at various times during the marriage around the births of the children but at lower level income producing jobs.
The defendant tends to be a controlling and dominating personality, partially by virtue of his military and para-military employment. Although life was somewhat stressful for the plaintiff, she existed well and participated in his work to the extent of kind of acting as his secretary at home taking telephone calls and beeper messages for him when he was not available.
In February of 1999, there was some consideration of starting a dissolution action but this was abandoned jointly by the parties when it was determined that the maintenance of health insurance was a substantial problem. CT Page 5680
In June of 1999, the plaintiff discovered that the defendant was having an affair with a woman and indeed had engaged in another affair or affairs. He admitted this to her and she was devastated. Along with an accumulation of stressful events during the marriage, the court concludes that this discovery by the plaintiff of the infidelity of the defendant marked the period in time when this marriage had broken down irretrievably. Although there were contributions from each of the parties with respect to the eventual breakdown of this marriage, the court finds that the defendant's infidelity and controlling nature is the predominate and substantial factor bringing about the breakdown of the marriage.
With respect to the assets noted in the record and on the financial affidavits of the parties, the court finds that all of said assets were acquired by the parties during the course of the marriage, and thus are considered to be marital assets subject to a distribution order herein. Based upon the statutory criteria which outlines those factors the court should consider in determining property settlement award and alimony, the court finds that under the circumstances of this long term marriage that a fair and equitable distribution of the marital assets is determined to be sixty percent (60%) set over to the wife and forty percent (40%) set over to the husband.
The parties have agreed and the court directs that in said distribution the residence premises, which the court finds to have an equity value of $105,000.00, shall be set over to the plaintiff to be hers absolutely and she shall hold the defendant harmless from any liability on the existing mortgage. Also, the parties have so treated and the court concurs that with respect to their separate inheritances, those are set over to the parties individually as they presently exist and are not included in the 60/40% distributive order entered herein.
The plaintiff has exhibited a capacity to earn income and she undoubtedly has some capacity at this time, although substantially less than the capacity of the defendant. She ran a business for a period of time and enjoyed limited success with that until a short time ago when it was closed, as a losing enterprise. In order to allow her a period of time in which to regroup herself and reenter the employment market, the court orders the defendant to pay to the plaintiff the sum of $150.00 per week as alimony for a period of four years from the date hereof, said order being non-modifiable as to term or amount.
Because the amounts hereinafter allocated to the plaintiff will not be impacted substantially by her being responsible for her own attorney's fees, the court declines to enter an order allowing attorney's fees to CT Page 5681 be paid to her by the defendant.
The State of Connecticut pension is to be equally divided by the parties, which is presently being done and, if appropriate, the parties may submit a qualified domestic relations order to continue this in the future. The court will retain jurisdiction to issue any qualified domestic relations orders that may be necessary in connection with any of these assets.
In addition to the equity of the family residence, the parties have stipulated as to the following assets and the valuations thereof:
 People Savings Bank Savings Account $47,200.00 People Savings Bank Checking Account $ 4,985.00 The Jurich Fund $40,000.00 Aetna Deferred Compensation $54,634.00 Hartford Insurance Co. Deferred Compensation $ 9,363.00 Hartford Insurance Co. Stock $ 4,207.00 CSP Credit Union Checking Account $ 2,076.00 CSP Credit Union Savings Account $ 102.00 New Haven Savings Bank Account $ 6,180.00 New Haven Savings Bank ADV Checking Account $ 1,500.00 Series E Bonds $ 700.00 Putnam Voyager IRA $18,216.00
The court finds that items listed as loans to the children are specifically not included in the marital assets and not subject to a distributive order.
In addition, the defendant shall pay to the plaintiff one-half of the health insurance premiums during the COBRA period only, or for three years. Thereafter, the plaintiff shall be responsible for the provision of her own health insurance.
The defendant is ordered to maintain the sum of $100,000.00 as life insurance on his life and name the plaintiff as irrevocable beneficiary. He should be responsible for the premiums of said policy and shall provide annually written evidence of the existence of said policy and beneficiary designation.
Personal property distribution has been agreed by the parties and any property of the defendant shall be removed from the plaintiffs premises within thirty days or shall thereafter become her sole property.
The plaintiff may resume the use of her birth name, Janet K. Alt. CT Page 5682
In order to bring about the 60/40% distribution, the defendant is ordered to transfer to the plaintiff the sum of $56,004.00. Each party shall retain those net assets as denoted in Schedule A hereof.
It is so ordered.
 ___________________, J. HIGGINS
 SCHEDULE A ALLOCATION OF ASSETS: 60/40% Excluding Inheritances from Calculation
JANET K. ROOT ROBERT J. ROOT
124 Horseshoe Drive, 1997 Jeep Grand Westbrook 100% Equity $105,000.00 Cherokee $ 14,275.00
State Police Credit Peoples Bank Union Checking $ 2,076.00 Savings $ 47,200.00
State Police Credit Peoples Bank Union Savings $ 102.00 Checking $ 4,985.00
NHSB Savings $ 6,180.00 CSP Credit Union Checking $ 6,858.00 EE Savings Bonds $ 700.00 Aetna Deferred Putnam Voyager IRA $ 18,216.00 Comp. 100% $ 54,634.00
NHSB Checking $ 1,500.00 The Hartford Deferred Comp. $ 9,363.00
 The Hartford — Stock $ 4,207.00
Utility Trailer $ 500.00
Sailing Dinghy $ 500.00
 Zurich Account (Exempting Inheritance Portion) $ 40,000.00
____________________________________ ____________________________________SUBTOTAL: $133,774.00 SUBTOTAL: $182,522.00
TOTAL COMBINED ASSETS.....$316,296.00.....TOTAL COMBINED ASSETS
Needed to Obtain 60/40% Split $ 56,004.00 ($ 56,004.00)
TOTAL: $189,778.00 $126,518.00 CT Page 5683